UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WESTERN UNION FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 25-cv-04727-NC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Self-represented Plaintiffs Sergey Firsov and Iana Rodionova filed a civil lawsuit on June 4, 2025, against Defendant Western Union Financial Services, Inc. The facts of this case arise from a money transfer between Firsov in the United States and Rodionova in Uzbekistan.

The Court now ORDERS this case to be dismissed without prejudice due to Plaintiffs' failure to pay the filing fee and the case's lack of subject matter jurisdiction.

## I. PLAINTIFFS FAILED TO PAY THE FILING FEE

Plaintiffs pursue their case without an attorney. The Court previously denied both Plaintiffs' applications to proceed without paying the Court filing fee and set a deadline of July 11, 2025, for Plaintiffs to pay the filing fee or risk their case being dismissed. ECF 7.

As of July 23, 2025, neither Plaintiff has paid the filing fee. Thus, the Court dismisses this action, without prejudice. *See Mederer v. Access Cap. Inv. Fund Two, LP*,

1  No. 21-cv-9699-YGR, 2022 WL 2289056, at *1 (N.D. Cal. Mar. 18, 2022) (dismissing a
2  case for failure to pay the filing fee).

## II. PLAINTIFFS FAILED TO ESTABLISH FEDERAL SUBJECT MATTER JURISDICTION

The Court screened Plaintiffs' initial complaint and found it "deficient" for various reasons, including the lack of federal subject matter jurisdiction. ECF 7. The Court gave Plaintiffs until July 11, 2025, to file a first amended complaint that cured these deficiencies or risk dismissal of the case. *Id.* Plaintiffs timely filed a First Amended Complaint (FAC) on June 17, 2025. ECF 9 (FAC). The Court now assess whether the FAC cured the initial complaint's deficiencies, specifically its lack of federal subject matter jurisdiction, and finds that it does not.

A federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The parties cannot waive or forfeit this requirement. *Id*. The party bringing the case in federal court (here, Plaintiffs Firsov and Rodionova) has the responsibility of proving that there is subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If a federal court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Brooks v. Geico Ins.*, No. 23-cv-05085 RFL, 2023 WL 8852738, at *1 (N.D. Cal. Dec. 21, 2023).

There are two common ways to establish federal subject matter jurisdiction under statute: (1) diversity jurisdiction, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. The FAC does not establish either.

Plaintiffs' FAC indicates that subject matter jurisdiction is satisfied by a federal question. FAC at 2. "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331). Generally, under the "well-pleaded complaint rule," a claim "arises under" federal law only if a federal question appears on the face of Plaintiff's complaint. *See ARCO*

2

*Env't Remediation, LLC v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983) ("federal courts have jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

Here, Plaintiffs state that the Court has federal question jurisdiction under the Dodd-Frank Act. FAC at 2. In Count Five of their FAC, Plaintiffs allege that Defendant violated Section 1073 of the Dodd-Frank Act when it "failed to provide proper disclosure" and "failed to correct errors on money transfer," among other things. FAC at 9. In order for a plaintiff to allege a claim under a federal statute like the Dodd-Frank Act, the statute must provide for a private right of action. *Riley v. Quality Loan Serv. Corp.,* No. 18-cv-1297-WQH-AGS, 2019 WL 157838, at *2 (S.D. Cal. Jan. 10, 2019). Here, "[t]he case law is clear that a plaintiff 'may not seek relief' based on provisions of the Dodd-Frank Act that 'confer no private right of action.' . . . And, more broadly, the Dodd-Frank Act provides no 'private right of action to enforce the prohibitions against unfair, deceptive, abusive, or misleading conduct.'" *Jah Kente Int'l, Inc. v. Indus. Bank of Washington, D.C.*, No. 22-cv-00848-APM, 2023 WL 11056262, at *2 (D.D.C. June 26, 2023) (citations omitted). Section 1073 does not provide a valid private cause of action, and therefore, Plaintiffs did not plausibly allege a Dodd-Frank Act violation.

Plaintiffs' remaining claims all allege state law claims, not federal claims. Thus, their FAC, as currently plead, is insufficient to establish federal question jurisdiction.

Plaintiffs also do not sufficiently allege diversity jurisdiction. They do not allege the citizenship of Defendant to sufficiently prove complete diversity, nor have they sufficiently alleged that the amount in controversy exceeds $75,000. *See* FAC at 18 (requesting less than $75,000 in damages); 28 U.S.C. § 1332(a).

In conclusion, Plaintiffs' FAC, as currently plead, is insufficient to establish the Court's federal subject matter jurisdiction because it fails to adequately allege a federal

3

claim or complete diversity and an amount in controversy exceeding $75,000.  Thus, the Court dismisses this action, without prejudice, due to lack of federal subject matter jurisdiction.

### III. CONCLUSION

All parties have consented to magistrate judge jurisdiction.  ECF 2; ECF 13.  Accordingly, this case is DISMISSED without prejudice for Plaintiffs' failure to pay the required court filing fee and for its lack of subject matter jurisdiction.  The Court VACATES the case management conference set for September 3, 2025, at 10:00 a.m., and directs the Clerk to dismiss this case.

**IT IS SO ORDERED.**

Dated:  July 23, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4